AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| TREVIEN KAHLIL THOMAS | ) Case No. |
| | ) |
| | ) **H19-1412M** |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 23 - 27, 2016__ in the county of __Harris__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 USC 1591(a) | Sex Trafficking of a Minor |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adam Bock, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/31/2019

_____
*Judge's signature*

City and state: Houston, Texas      Nancy K. Johnson, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Bock, being duly sworn, depose and state:

1. I, Adam Bock, am a Detective with the Houston Police Department (HPD) and Task Force Officer (TFO) assigned to the Federal Bureau of Investigation (FBI), duly appointed according to law. I have been a police officer with HPD for 11 years and a TFO with the FBI since 2018, and am currently assigned to the HPD Gang Division, with Title 21 and Title 18 federal deputation. As part of my duties as a TFO, I investigate criminal violations of federal law, including violations of 18 U.S.C. § 1591(a) – Sex Trafficking of Children, defined as:

> **(a)** Whoever knowingly—
> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> **(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

2. This Affidavit is made in support of a criminal complaint charging Trevien THOMAS with violating 18 U.S.C. § 1591(a), which makes it a crime to traffic knowing that means of force, threats of force, fraud or coercion will be used or that the person has not attained the age of 18 and would be caused to engage in commercial sex.

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation: through my personal participation; from discussions with the other law enforcement agencies assigned to this investigation; from my discussions with witnesses and suspects involved in the investigation; and from the review of

1

records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another Law Enforcement Officer or HPD investigator or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken with or whose reports I have read. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

4. Because this affidavit is being submitted for the limited purpose of supporting of a criminal complaint, I have not set forth each and every fact learned during the course of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause that evidence of a violation of 18 U.S.C. § 1591(a) has been committed by Trevien Kahlil THOMAS, B/M, DOB 11/17/1994, on or between May 23, 2016 through May 27, 2016. Where statements of others are set forth in this Affidavit, they are set forth in substance and in part.

5. On July 1, 2016 I spoke with HPD Officer A. Colunga, who stated to me that on May 28, 2016, he responded to a 911 call at the La Quinta Inn located at 930 Normandy Street, Harris County, Texas. Upon arrival, Officer Colunga located the caller who he identified as MV1 (Minor Victim 1), a 14 year old female. MV1 stated to Officer Colunga that MV1 lived in Dallas, Texas and was transported to Houston, Texas without MV1's consent. MV1 stated to Officer Colunga that a few weeks prior, MV1 met two black males, including one named "TRIGGAH," who offered MV1 marijuana to smoke in their vehicle. MV1 stated that she got in the vehicle with "TRIGGAH" and the second suspect and eventually fell asleep. MV1 stated that after waking up MV1 realized that "TRIGGAH" and the second suspect were transporting MV1 to Houston without MV1's consent or knowledge. MV1 stated that upon arrival in Houston, the

2

suspects traveled to a motel and told MV1 that they would kill MV1 if MV1 did not comply with them. MV1 stated that both suspects were carrying pistols.

6. MV1 stated that over the course of six to eight days, MV1 was taken by "TRIGGAH" to four different motels and forced by threat of violence to remain inside each motel room. MV1 stated that on May 27, 2016, MV1 was transported to a gas station next to the Normandy Inn located at 12769 Nimitz Street, Harris County, Texas, by an unknown black male who told MV1 to get out of the car upon arrival. MV1 stated that at the gas station, MV1 was met by a Hispanic male driving a vehicle. MV1 got in the vehicle with the Hispanic male who then drove into the parking lot of the Normandy Inn. After parking, the Hispanic male exited the vehicle and entered motel room #120 and MV1 followed. MV1 stated that after entering the room, the Hispanic male stated to MV1 "you know what you need to do". MV1 then removed her pants and laid down on the bed. The Hispanic male then sexually assaulted MV1. MV1 stated the next day, MV1 fled the motel room on foot after being left in the motel room alone. MV1 was able to locate a phone at a nearby business and call police.

7. After reviewing the facts of the case I served a Harris County Grand Jury Subpoena to the Normandy Inn for transaction records related to room #120 on May 27, 2016. During my review of the return I saw that only one person, a Hispanic male named Brandon HARRIS with DOB 10/8/1992, had provided his Texas Driver's License while renting room #120 on the day of MV1's described sexual assault.

8. On July 8, 2016 I spoke with Brandon HARRIS during a non-custodial recorded interview at an HPD police station. During the interview, HARRIS stated that he recently hired a prostitute at the Normandy Inn and paid for the room. HARRIS stated that he arranged to meet the prostitute through the online sex advertisement website Backpage.com and called the phone

3

number listed on the advertisement. After arranging the commercial sex date, HARRIS drove to a motel to pick the prostitute up in his vehicle. HARRIS stated that he recognized the person HARRIS picked up as being the same individual as pictured in the Backpage.com advertisement. HARRIS stated that he then drove the prostitute to the Normandy Inn located at 12769 Nimitz Street, Harris County, Texas and rented a room. HARRIS stated that once inside the room with the prostitute, HARRIS received oral sex from the prostitute and then left the location. At the conclusion of the interview, HARRIS surrendered his cellular phone, which he stated he used to call the phone number listed on Backpage.com. HARRIS then left the HPD police station.

9. On July 18, 2016 I received cellular records for phone number 713-449-0732, which is the phone number assigned to HARRIS' cellular phone, pursuant to a search warrant obtained in Harris county, Texas. During my review of HARRIS' cellular records, I saw that on May 27, 2016, HARRIS had multiple phone and text message transactions with phone number 832-792-9422. I then ran phone number 832-792-9422 through SPOTLIGHT, a national cataloguing database which collects and aggregates online sexual advertisements and found multiple Backpage.com advertisements featuring photographs of MV1 during the time frame that MV1 was in Houston. I saw that each advertisement listed a contact number of 832-792-9422.

10. On August 1, 2016, I received records from Backpage.com pursuant to a Harris County Grand Jury Subpoena regarding advertisements listing contact phone number 832-792-9422. I saw that the email used to create the Backpage.com account was TriggahYGMbang@yahoo.com.

11. On October 10, 2016 I received Facebook.com records for account "YGM Triggah Tre" pursuant to a search warrant obtained in Harris County. During my review of the records, I saw that on three occasions, the owner of the profile sent a message stating that his

4

email was TriggahYGMbang@yahoo.com. I also saw that the owner of the profile sent a large number of photographs of himself, who I identified as Trevien Kahlil THOMAS, B/M, DOB 11/17/1994, by comparing the photographs with Harris County booking photographs. I further saw that the owner of the profile engaged in multiple conversations about going to Dallas and being in Dallas in during the timeframe in which MV1 was transported from Dallas to Houston by "TRIGGAH." In these conversations, the profile owner describes what he's doing as prostitution.

12. On February 1, 2017, I spoke with Detective B. Fassett of the Dallas Police Department. Detective Fassett stated to me that MV1 had been taken into custody as a runaway and during an interview with MV1, MV1 identified a picture of Trevien Kahlil THOMAS, B/M, DOB 11/17/1994 as "TRIGGAH", who had driven MV1 to Houston and forced MV1 to perform sex acts for money.

13. On August 23, 2017, THOMAS was taken into custody pursuant to multiple Harris County Felony Warrants related to this investigation. During apprehension, THOMAS requested that he be allowed to speak with me and stated that he had been looking for me in order to talk. I was then connected to THOMAS by the Officers on-scene and learned from THOMAS that he wished to give me information. I told THOMAS that I would be willing to speak with him with his attorney present. THOMAS then made the following un-solicited res gestae statement which was recorded on body camera: "…But listen I'm telling you, it's bigger, like, it's my uncle, bro, I went down there to go meet my uncle and a DJ… and the DJ dude and my uncle was like shit you wanna make some extra money? How bout I pay you five hundred, drop this girl back off in Houston. Shit they knew I was from Houston, they knew I was a rapper, {Unintelligeible} cool, I just had my daughter. So I brung her back out here…"

5

14. Based upon the information delineated above, I believe that probable cause exists for the issuance of a Criminal Complaint charging Trevien THOMAS with a violation of 18 U.S.C. § 1591(a) – Sex Trafficking of MV1, a child.

_____
Adam Bock
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn before me on this 31st day of July 2019, and I find probable cause.

_____
THE HONORABLE NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE